**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1629**

JUDE AGWA OZUGHEN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-646-112)

Submitted: October 18, 2006      Decided: December 4, 2006

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Kim-Bun Thomas Li, LI, LATSEY & GUITERMAN, PLLC, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Hill B. Wellford, III, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jude Agwa Ozughen, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's decision denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Ozughen challenges the adverse credibility finding and the denial of relief under the CAT. We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country or a well-founded fear of persecution on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006); Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility

- 2 -

grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C.A. § 1252(b)(4)(B) (West 2006). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

We find substantial evidence supports the Board's adverse credibility finding. Accordingly, the evidence is not so compelling as to warrant a different result as to the denial of asylum and withholding from removal.

We further find substantial evidence supports the denial of relief under the CAT. The denial of relief was supported by the adverse credibility finding and the lack of independent evidence in support of the claim. <u>Camara</u>, 378 F.3d at 370, 372. Much of the evidence cited by Ozughen does not fall into the category of independent evidence. <u>Gandziami-Mickhou</u>, 445 F.3d at 358-59.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>